# In the United States Court of Federal Claims

No. 24-237

Filed: August 16, 2024

|  |  |
|---|---|
| CAROL ENGEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

*Carol Engen*, *pro se*, Buckeye, AZ, for plaintiff.

*Richard Jesse Markel*, Department of Justice, Tax Division, Washington, D.C., for defendant.

**OPINION AND ORDER**

*SMITH*, **Senior Judge**

    *Res judicata* constitutes a judicial promise: Where "[t]he merits of a [claim] have been adjudicated, they cannot be relitigated." *Angel v. Bullington*, 330 U.S. 183, 190 (1947); *Mobility Sys. & Equip. Co. v. United States*, 51 Fed. Cl. 233, 235 (2001) (reasoning that "*res judicata*['s] . . . purpose is to settle controversies within one forum. While a litigant must have h[er] day in court, [s]he is not entitled to repeat that same day in a different court."). When a person asserts already adjudicated claims against the same party in any jurisdiction, the individual breaks this promise, thus requiring dismissal of those claims because relief cannot be afforded to the party. *See Larson v. United States*, 89 Fed. Cl. 363, 382 (2009) (stating that complaint can be dismissed when the allegations "indicate the existence of an affirmative defense," like *res judicata*, "that will bar the award of any remedy" (internal quotation marks and citation omitted)), *aff'd*, 376 F. App'x 26 (Fed. Cir. 2010).

    *Pro se* plaintiff Ms. Carol Engen's federal tax claims against defendant, the United States of America—related to unpaid taxes for years 2005 and 2007 and frivolous tax return filings for years 2004 through 2008—breaks this judicial promise. *See generally* Plaintiff's Second Amended Compliant, ECF No. 12 [hereinafter Second Am. Compl.] As defendant argues in its Motion to Dismiss under Rule 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"), Ms. Engen "seeks to relitigate" the same claims already rejected by the United States District Court for the Western District of Washington ("District Court") and affirmed by Untied States Court of Appeals for the Ninth Circuit ("Ninth Circuit"). *See* Defendant's Motion to Dismiss at 3–4, ECF No. 13 [hereinafter Mot. to Dismiss]; *compare generally United States v. Engen*, No.

C18-712 RSM, 2021 WL 4391222 (W.D. Wash. Sept. 24, 2021), *aff'd*, No. 21-35804, 2023 WL 2556858 (9th Cir. Mar. 17, 2023).  None of Ms. Engen's arguments in response to defendant's Motion to Dismiss persuade the Court differently.  *See generally* Plaintiff's Response in Opposition to Motion to Dismiss, ECF No. 14 [hereinafter Pl.'s Resp.].  Indeed, she admits that her claims have already been adjudicated.  *See* Second Am. Compl. at 4–5 (describing the procedural history of proceedings in the District Court and the Ninth Circuit); *id.* at 5 (stating, according to Ms. Engen, that "only a fool would hold out hope that summary judgment would not be granted."); Pl.'s Resp. at 1–7 (describing how summary judgment was issued in the aforementioned case).  For this reason, defendant's Motion to Dismiss, ECF No. 13, is **GRANTED**.

I.  **Background**

On May 15, 2018, defendant sued Ms. Engen in the District Court for claims related to unpaid taxes for years 2005 and 2007 and related to frivolous tax return filings for years 2004 through 2008.  *See Engen*, 2021 WL 4391222 at *1.  On September 24, 2021, the District Court granted summary judgment to defendant, stating that "Ms. Engen is indebted to the United States for unpaid: federal income tax liabilities for the tax years 2005 and 2007; and [26 U.S.C. §] 6702 penalty liabilities [for frivolous filings] for tax years 2004[–]2008, in the amount of $288,360.08 as of June 18, 2021."  *Id.* at *5; *see also* Second Am. Compl. at 5; Mot. to Dismiss at 4.  On March 17, 2023, the Ninth Circuit affirmed.  *See Engen*, 2023 WL 2556858, at *1.

On February 14, 2024, Ms. Engen filed her complaint in this Court alleging federal tax claims pursuant to 26 U.S.C. § 7422 and 28 U.S.C § 1346 (a)(1), seeking a refund of monies paid after defendant found that she had unpaid taxes for years 2005 and 2007, and had filed frivolous tax returns for years 2004 through 2008.  *See generally* Compliant, ECF No. 1.  On March 1, 2024, Ms. Engen filed an amended complaint alleging the same claims.  *See generally* Amended Complaint, ECF No. 6.  On March 25, 2024, believing, among other issues, that another court already adjudicated Ms. Engen's claims, this Court ordered her to show cause ("Show Cause Order") on or before April 26, 2024, or risk dismissal.  *See generally* Order to Show Cause, ECF No. 8.  On April 8, 2024, Ms. Engen responded to the Show Cause Order and requested leave to file a second amended complaint.  *See generally* Plaintiff's Motion for Leave to File an Amended Complaint and Response to Order to Show Cause, ECF No. 9.  On April 9, 2024, the Court granted Ms. Engen's Motion, s*ee* Order granting Plaintiff's Motion for Leave to File Amended Complaint, ECF No. 10, and on June 3, 2024, the Court received her second amended complaint.  *See generally* Second Am. Complaint; *see also* Order Directing Filing Under Seal, ECF No. 11 (directing the Second Amended Complaint to be filed under seal on June 5, 2024).  On June 14, 2024, defendant filed its Motion to Dismiss.  *See generally* Mot. to Dismiss.  On July 9, 2024, Ms. Engen filed her Response in Opposition to the Motion to Dismiss.  *See generally* Pl.'s Resp. On July 12, 2024, defendant replied in support of its Motion to Dismiss.  *See generally* Defendant's Reply in Support of Its Motion to Dismiss, ECF No. 15.  The Court decided not to hold oral argument.

## II. Standard of Review

Ms. Engen's tax refund claims, pursuant to 26 U.S.C. § 7422 and 28 U.S.C § 1346 (a)(1), fall under the Court's jurisdiction. *See Foreman v. United States*, 60 F.3d 1559, 1562 (Fed. Cir. 1995) ("Because [the plaintiff] had the right to sue for refund of taxes erroneously paid under 26 U.S.C. § 7422, and because the Court of Federal Claims has jurisdiction under 28 U.S.C. §§ 1346 and 1491 to hear claims for refund of taxes, the Court of Federal Claims had subject matter jurisdiction over [the plaintiff's] claim even if his claim was without merit."); *see, e.g.*, Second Am. Compl. at 1.

While the Court has jurisdiction to review Ms. Engen's claims, her complaint must still survive Rule 12(b)(6) of the Rules of the Court of Federal Claims. Under RCFC 12(b)(6), a complaint must contain "enough facts to state a claim *to relief* that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). *Res judicata* "bar[s] the award of any remedy"—*i.e.*, relief, *see Larson*, 89 Fed. Cl. at 382—where "(1) the prior decision was rendered by a forum with competent jurisdiction; [where] (2) the prior decision was a final decision on the merits; and [where] (3) the same cause of action and the same parties or their privies were involved in both cases," *see Carson v. Dep't of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005). Therefore, when *res judicata* applies, a complaint should be dismissed under RCFC 12(b)(6) because "the facts asserted by the claimant do not entitle [Ms. Engen] to a legal remedy." *Peterson*, 2009 WL 1979263, at *4 (citation and internal quotation marks omitted); *see also Carson*, 398 F.3d at 1375; *Larson*, 89 Fed. Cl. at 382.

## III. Discussion

As defendant correctly recognizes, all three *res judicata* criteria are satisfied here. *See Carson*, 398 F.3d at 1375; *see also* Mot. to Dismiss at 3. None of plaintiff's arguments, discussed below, persuade the Court otherwise. *See generally* Pl.'s Resp.

*First*, neither party reasonably disputes that the District Court is a "competent jurisdiction" that "rendered a prior decision" on the claims asserted here. *See Carson*, 398 F.3d at 1375; *compare* Mot. to Dismiss at 3–4, *with* Pl.'s Resp. at 4–5 (stating that Ms. Engen "timely responded to the motion [for summary judgment in the District Court case], but . . . failed to support [her] opposition with evidence in her possession which would have prevented summary judgment."); *see generally Engen*, 2021 WL 4391222. All district courts, like the District Court here, "have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress," 28 U.S.C. § 1345, including tax claims, *see, e.g.*, *Haag v. Comm'r*, 101 T.C.M. (CCH) 1392 (T.C. 2011) (applying *res judicata* to tax claims decided by a district court), thereby making that the District Court a competent jurisdiction for *res judicata* purposes. *See Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 91 (2017) ("A court of competent jurisdiction is a court with the power to adjudicate the case before it.").

Moreover, Ms. Engen's claims concern issues "rendered in a prior decision" by the District Court. *See Carson*, 398 F.3d at 1375. There, that court found "Ms. Engen is indebted to the United States for unpaid: federal income tax liabilities for the tax years 2005 and 2007; and

Section 6702 penalty liabilities [for frivolous tax filing] for tax years 2004–2008, in the amount of $288,360.08 as of June 18, 2021." *See Engen*, 2021 WL 4391222 at *5, *aff'd*, *Engen*, 2023 WL 2556858, at *1. Conversely here, Ms. Engen has alleged federal tax claims arising from the same tax years—for years 2005 and 2007, and for years 2004 through 2008—based on the same issues of unpaid taxes and frivolous tax returns, respectively. *See* Second Am. Compl. at 1; *see also S. Md. Agric. Ass'n of Prince George's Cnty. v. United States*, 135 F. Supp. 886, 887 (Ct. Cl. 1955) ("Since the causes of action, parties, facts and issues are the same, the decision of the District Court is *res judicata*." (emphasis added)). If Ms. Engen either disagrees with the claims brought against her in the District Court case or believes the District Court abused its discretion, she was obliged to raise all available defenses *in that litigation*, not restart the claims here. Pl.'s Resp. at 4–7; *see United States v. Mauro*, 243 F. Supp. 413, 414–15 (S.D.N.Y. 1965) ("[F]ailure to raise available defenses will be prejudicial since the conclusion of this action will foreclose later consideration of the merits of the tax."); *accord Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003) ("Under the doctrine of *res judicata* (or claim preclusion), '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" (emphasis added)) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). At bottom, this Court has no authority to repair any factual or legal errors—assuming they even exist—in the decision of a competent district court and federal court of appeals on federal tax claims properly under their respective jurisdictions. *E.g.*, *Engen*, 2021 WL 4391222 at *5, *aff'd*, *Engen*, 2023 WL 2556858, at *1; *S. Md. Agric. Ass'n of Prince George's Cnty.*, 135 F. Supp. at 887; *Merritt v. United States*, No. 23-1018, 2023 WL 4489518, at *2 (Fed. Cl. July 12, 2023) ("[This] Court lacks jurisdiction to review . . . or set aside judgments by other courts.") (citing *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994)); *see also Lightfoot*, 580 U.S. at 92 (defining "competent jurisdiction" for *res judicata* purposes). Therefore, the first criterion—concerning a court of "competent jurisdiction" that "rendered a prior decision"—is satisfied. *See Carson*, 398 F.3d at 1375.

*Second*, neither party reasonably disputes that the District Court case was "decided on the merits." *Id.*; *compare* Mot. to Dismiss at 3–4, *with* Pl.'s Resp. at 1–7, *and* Second Am. Compl. at 4–5. There, the District Court decided the claims against Ms. Engen at the summary judgment stage, and that decision was later affirmed by the Ninth Circuit. *Engen*, 2021 WL 4391222 at *5, *aff'd*, *Engen*, 2023 WL 2556858, at *1; *accord S. MD Agr Ass'n of Prince George's Cnty.*, 135 F. Supp. at 887 (finding summary judgment decides a case on the merits). Indeed, Ms. Engen admits this fact.[1] *See* Pl.'s Resp. at 1–7 (describing how summary judgment was granted by the District Court and the Ninth Circuit affirmed); *id.* at 9 (admitting that Ms. Engen "appealed the

---

[1] Despite admitting that this criterion is satisfied, Ms. Engen, oddly, argues that "summary judgment was issued under default," that the Internal Revenue Service was a required party for the case to be binding, and that final judgment was not issued because the judge in the District Court case did not sign the final judgment form. *See* Pl.'s Resp. at 1–10. She is wrong thrice over. First, the District Court case was not resolved on default judgment; instead, as she admits, Ms. Engen "timely" responded to the summary judgment motion—and her arguments were rejected by the District Court. *See* Pl.'s Resp. at 4–5. Second, the Internal Revenue Service is an agency of the United States and represents itself under the latter's title. Beyond this point, the Court declines, as it must, to review joinder decisions issued by the District Court. *Merritt*, 2023 WL 4489518, at *2 (citing *Joshua*, 17 F.3d at 380). Third, if judgment had not been properly issued by the District Court, Ms. Engen's unsuccessful appeal to the Ninth Circuit would have been barred. *See* Pl.'s Resp. at 9–10 (admitting that Ms. Engen appeal to the Ninth Circuit on the District court's summary judgment decision failed); *see also* Second Am. Compl. at 1; *Engen*, 2021 WL 4391222 at *5, *aff'd*, *Engen*, 2023 WL 2556858, at *1.

summary judgment"); Second Am. Compl. at 5 (stating, according to Ms. Engen, that "only a fool would hold out hope that summary judgment would not be granted."). Therefore, the second criterion is satisfied. *See Carson*, 398 F.3d at 1375.

*Third*, neither party reasonably disputes that the District Court adjudication concerned "the same cause of action and [involved] the same parties" as the case before this Court. *Id.*; *compare* Mot. to Dismiss at 3–4, *with* Pl.'s Resp. at 1–7, *and* Second Am. Compl. at 4–5. As mentioned above, both the District Court case and the one here concerns federal tax claims related to the same unpaid taxes for years 2005 and 2007 and related to the same frivolous tax return filings for years 2004 through 2008 involving the same parties here. *Compare* Second Am. Compl. at 1, *with Engen*, 2021 WL 4391222 at *5, *aff'd*, *Engen*, 2023 WL 2556858, at *1. It matters not, as Ms. Engen protests, that she was the defendant in the District Court. *See* Pl.'s Resp. at 2. Rather, the standard only requires that the same cause of action involves the same parties. *See Carson*, 398 F.3d at 1375. That being so, as defendant correctly summarizes, "[t]his case is merely an attempt at a do-over of the same claims between the same parties." *See* Mot. to Dismiss at 4. Therefore, the third criterion is satisfied. *See Carson*, 398 F.3d at 1375.

With all three *res judicata* criteria satisfied, Ms. Engen, like defendant, is "bound by the result" of the District Court case. *See Baldwin v. Iowa State Traveling Men's Ass'n,* 283 U.S. 522, 525 (1931). It concerns the same claims "forever settled between the parties." *Id.* Consequently, the Court has no authority to review Ms. Engen's identical claims here and her Second Amended Complaint is dismissed under RCFC 12(b)(6). *See Larson*, 89 Fed. Cl. at 382.

## IV.   Conclusion

Breaching a judicial promise as sacrosanct as *res judicata* is impermissible; and the Court shall not allow Ms. Engen to do so. Therefore, for the foregoing reasons, defendant's Motion to Dismiss, ECF No. 13, is **GRANTED**. The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge